United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11357
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAIN KAJA KANDA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-78-1-Y
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alain Kaja Kanda appeals from his conviction by guilty plea of possessing counterfeit currency. Kanda's plea was conditioned on preserving his right to appeal the denial of his motion to suppress the written statement he provided to agents of the United States Secret Service. Kanda contends that the district court erred by denying his motion to suppress his written statement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewing the evidence in the light most favorable to the Government and with due regard to the district court's opportunity to judge the credibility of the witnesses, the district court did not err by denying the motion to suppress. *See United States v. Coleman*, 969 F.2d 126, 129 (5th Cir. 1992). The testimony of the Secret Service agents at the suppression hearing indicated that Kanda understood the English language, that he was given the *Miranda* warnings three times, and that the statement was a verbatim account of Kanda's words that was reviewed and approved by Kanda. The agents' testimony also indicated that the circumstances in which Kanda provided the statement were not inherently coercive. Kanda agreed to accompany the agents to the field office, his handcuffs were removed once the group arrived at the field office, and he was agreeable to being placed in the interrogation room. The interview during which Kanda provided the statement began less than half an hour after the group arrived at the field office, and the interview itself lasted for about an hour. Finally, Kanda never asked to leave, nor did he otherwise indicate that he wished to end the interview. Assuming for the sake of argument that Kanda was in custody when he was interviewed, he knowingly and voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), before he gave his written statement. *See United States v. Andrews*, 22 F.3d 1328, 1337 (5th Cir. 1994).

AFFIRMED.